## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK D. TEETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2156-JAR |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER ADOPTING RECOMMENDATION AND REPORT

The Commissioner of Social Security denied plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and Magistrate Judge Donald W. Bostwick issued a Report and Recommendations (Doc. 12) on May 20, 2009, which recommended the Commissioner's decision be affirmed. This matter is currently before the Court on the plaintiff's Objections to Report and Recommendations (Doc. 13) and the defendant's Response (Doc. 14).

The standards the Court must employ when reviewing objections to a recommendation and report are clear.[1] Only those portions of a recommendation and report identified as objectionable will be reviewed.[2] The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[3]

---

[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

[3] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

Plaintiff objects only to Judge Bostwick's finding that the ALJ appropriately denied giving controlling weight to the medical source statement of plaintiff's treating physician, Dr. Anya. Plaintiff argues that Dr. Anya's medical source statement should not have been discounted simply because the doctor had only treated plaintiff for seven months and further argues that the ALJ should have sought a "psychological consultive evaluation," if the ALJ thought Dr. Anya's treatment history was inadequate.

Plaintiff's arguments are framed in a manner that is wholly inconsistent with the record, the ALJ's findings and Judge Bostwick's analysis. The ALJ did not reject all opinions and findings of Dr. Anya. Indeed, the ALJ did not give controlling weight to Dr. Anya's medical source statement, because that statement was inconsistent with other treatment records and findings rendered by Dr. Anya. This is an appropriate reason to deny controlling weight to the opinion of a treating physician. For a treating source opinion may be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence in the record, but if it is "deficient in either respect, it is not entitled to controlling weight."[4]

Dr. Anya's medical source statement was given two days *after* the ALJ hearing; and Dr. Anya opined in this medical source statement that plaintiff was incapacitated and had a poor ability to function in ten mental abilities and a fair ability to function in five mental abilities. Dr. Anya's medical source statement was in narrative form, appeared to be based on statements of plaintiff about plaintiff's avoidance of interaction with the public, and offered the conclusory

---

[4] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)(citing 20 C.F.R. § 404.1527(d)(2) and quoting SSR (Social Security Ruling) 96- 02p)

statement that plaintiff was "already incapacitated prior to his first appointment with me in 2004."

Yet, during Dr. Anya's course of treatment of plaintiff, six treatments from December 20, 2004 to July 12, 2005, Dr. Anya's contemporaneous records of treatment and contemporaneous opinions about plaintiff's condition belie Dr. Anya's statements in the medical source statement. For during the course of treatment, Dr. Anya's notes reflect plaintiff's admissions that his mental symptoms were significantly improved when he took the prescribed medications, as well as Dr. Anya's repeated evaluations that plaintiff demonstrated significantly improved mental status findings and functioning with plaintiff's compliance with the prescribed course of medication. The ALJ properly gave far greater weight to Dr. Anya's clinical findings and diagnostic assessments recorded contemporaneously during the six times that Dr. Anya treated plaintiff.

The Court will not reiterate the nine distinct reasons given in the ALJ's opinion that underlie the ALJ's decision to not give controlling weight to Dr. Anya's medical source statement. Judge Bostwick's Report and Recommendations catalogues these nine reasons, and upon *de novo* review, this Court finds that the ALJ did in fact rely on these nine reasons. Of the nine stated reasons, seven pointed to inconsistencies between Dr. Anya's medical source statement and Dr. Anya's contemporaneous treatment notes, clinical findings and diagnostic assessments. The eighth reason was that Dr. Anya failed to reconcile his finding that plaintiff had poor abilities in social functioning, with plaintiff's reported activities in driving and accompanying his father on trips out of town. The ninth reason was that Dr. Anya's most recent treatment occurred more than fourteen months before the medical source statement was completed; in other words, there simply were no treatment notes, diagnostic assessments or

clinical findings that supported Dr. Anya's medical source statement at all.  Contrary to plaintiff's argument in his objection to the report and recommendations, the medical source statement was not denied controlling weight because of the seven month duration of treatment, and the record simply does not establish any reason for the ALJ to have sought further consultative evaluation.  Dr. Anya's unsupported, contradictory and conclusory medical source statement surely provided no basis to seek further evaluation of plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff's Objections to the Report and Recommendations of Magistrate Judge Bostwick (Doc. 13 ) shall be denied.

**IT IS FURTHER ORDERED** that the May 20, 2009 Report and Recommendations (Doc. 12) shall be adopted by the Court as its own.

**IT IS SO ORDERED.**

Dated this 30th    day of July, 2009, at Topeka, Kansas.

  S/  Julie A. Robinson  
Julie A. Robinson  
United States District Judge